UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: THOMAS MICHAEL MARBLE, JR.,
and AUTUMN RENEE MARBLE,

Case No. 10-10367

Debtors.

HON. AVERN COHN

_____/

**MEMORANDUM AND ORDER REVERSING THE BANKRUPTCY COURT**

I. Introduction

This is an appeal in a Chapter 7 bankruptcy case. The debtors/appellees are a married couple, Thomas Michael Marble, Jr., and Autumn Renee Marble. The Debtors filed a Chapter 7 petition on January 5, 2009, claiming an exemption for (1) a joint income tax refund, and (2) an annuity remaining from a personal injury action brought on behalf of Thomas Michael Marble, Jr. (Debtor). The Trustee objected to both exemptions. The bankruptcy court permitted Autumn Renee Marble to claim as exempt under 11 U.S.C. § 522(d)(5) one-half of the joint income tax refund and Debtor to claim as exempt the annuity in the full amount under § 522(d)(11)(E). The Trustee appeals the bankruptcy court's decision regarding the annuity, contending that the annuity does not constitute a payment in compensation of loss of future earnings. For the reasons that follow, the decision of the bankruptcy court is REVERSED.

II. Background

On March 2, 1984, the Debtor's father, Thomas Marble Sr., suffered a catastrophic injury while at work on a construction site for his employer, Barton-Malow.

At that time, the Debtor was one month old and a dependent of his father. His father was no longer able to work as a result of the accident.

In 1984, Thomas Michael Marble, Sr. and his wife, Sherry L. Marble, sued Barton-Malow and others in state court seeking unspecified relief.

In 1987, Sherry L. Marble, filed a second action in state court. A first amended complaint was filed in 1988 on behalf of the couple's children, including Debtor. The children's claims were based on a loss of consortium.

On January 20, 1989, the cases were jointly settled for approximately $2.6 million. A Settlement Agreement was executed indicating that payment was in consideration of all claims for injuries to their father. Under the terms of the structured settlement, each child received monthly benefits and lump sum annuity payments at various ages, including the remaining payment of $150,000.00 due on February 7, 2020. The structured settlement is administered by MetLife. Debtor was a dependant of his father at the time of the settlement.

Due to various economic difficulties, Debtor sold portions of the structured settlement.

The Debtors filed a joint petition for relief under Chapter 7 of the United Stated Bankruptcy Code, and Gene R. Kohut (the Trustee) was appointed the Chapter 7 Trustee for the bankruptcy estate. When the Debtor filed for Chapter 7, the only remaining benefit from the structured settlement was a $150,000.00 annuity payment due on February 7, 2020. The Debtor presented documentation from J.G. Wentworth which represented the present value of the aforementioned annuity to be $19,750.00 based on J.G. Wentworth's offer to purchase the annuity for this net amount. In the

2

Debtors' Schedules B & C, the Debtors disclosed the remaining annuity payment and exempted the annuity under a variety of available Bankruptcy Code sections.

The Debtors amended their Schedules B & C, again exempting the annuity under a variety of available Bankruptcy Code sections. Approximately three months later, on May 6, 2009, the Trustee filed objections to the Debtors' claim of exemptions as they applied to the Debtors 2008 income tax refunds and the remaining $150,000.00 annuity payment.  As a result, an evidentiary hearing was scheduled for July 1, 2009.  However the parties filed a Stipulation and indicated to the bankruptcy court that the filed stipulation of facts and exhibits obviated the necessity for an evidentiary hearing.  The parties also agreed that the burden of proof was on the objecting party as required by the Bankruptcy Rule 4003(c).

The bankruptcy court concluded that the annuity is "property traceable to a payment in compensation of loss of future earnings of . . . an individual of whom the debtor is or was a dependent and therefore exempt under 11 U.S.C. § 522(d)(11)(E). The bankruptcy court focused on the broad language of the Settlement Agreement, finding that the annuity was traceable to a loss of earnings payment which the Debtor's father would have, or could have, received as part of the settlement.

### III.  Standard of Review

A district court reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law de novo."  Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs.), 160 F.3d 1255, 1259 (6th Cir. 1997).  See also (Fed. R. Bankr. P. 8013)("Findings of fact , whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . .").

IV. Analysis

The issue in this appeal is whether the Debtor may claim as exempt an annuity payment of $150,000.00. More specifically, the issue is whether the annuity payment due under the Settlement Agreement constitutes property traceable to payments in compensation for loss of the future earnings of Debtor's father, whom the Debtor once was a dependent.

A.

Exemptions are to be liberally construed in favor of the debtor, and the party objecting to an exemption has the burden of proving that the property claimed by the debtor should not be exempted. Fed. Rule. Bankr. P. 4003(c); See also In re Brown, 2008 Bankr. LEXIS 1675 (B.A.P. 6th Cir. June 11, 2008). At issue here is the exemption under section 522(d)(11)(E), which provides in pertinent part, that

> (d) the following property may be exempted under subsection (b)(2) of this section:
> (11) The debtor's right to receive, or property that is traceable to--
>
> (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor

11 U.S.C. § 522(d)(11)(E).

Under this section, a debtor may claim an exemption for property traceable to payments in compensation for loss of future earning of an individual of whom the debtor is or was a dependent. At issue here is whether the annuity falls under this exemption. The Trustee agrees with the two part test set forth in the bankruptcy court's decision which is required to claim the exemption. That is, the Debtor must show that (1) the annuity constitutes property that is traceable to a payment in compensation of loss of

4

future earnings of Thomas Marble Sr. and (2) the Debtor is or was a dependent of Thomas Marble Sr. The Trustee says that the record shows Debtor has not met either part of the test.

B.

As to the first part, a court must "examine the intentions of the parties when the settlement was effected to determine whether the annuity was intended as "a payment in compensation of loss of future earnings" or for some other purpose(s)." In re Rockefeller, 100 B.R. 874, 877 (Bankr. E.D. Mich. 1989).

Here, the Settlement Agreement states the plaintiffs release the defendant from "any and all pa[s]t, present, or future claims . . . which the Plaintiffs now have or which may hereafter accrue or otherwise be acquired, on account of, or in any way growing out of, or which are subject of, the Complaint (and all related pleadings)." Although, the Settlement Agreement does not expressly state "loss of future earnings," the Court agrees with the bankruptcy court that the complaint need not have included every claim the Debtor's father or the Debtor may have had against the father's employer. Indeed, had the parties to the state court action not reached a settlement agreement, the complaint could have been further amended. Thus, the fact that the complaint did not expressly articulate a claim for loss of future earning is not dispositive.

Additionally, while the Trustee claims that a loss of future earnings claim could not have been added because it would have been barred by the applicable statute of limitations, such an argument is based solely on speculation as to how a state court would have ruled if faced with a motion to amend. It is well-established in Michigan law that claims may be added, even if they are barred by the statute of limitations, if they

relate back. See MCR 2.118(D), "[a]n amendment that adds a claim or defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading." Thus, the bankruptcy court was correct in finding that such a claim could have been considered as part of the Settlement Agreement.

However, that does not end the inquiry. All of the above ignores a critical fact - there were two lawsuits settled by the Settlement Agreement. As to the lawsuit brought on Debtor's behalf, his only claim was a claim for loss of consortium. That was the claim which was settled. As the Trustee points out, the Debtor could not have asserted a claim for his father's loss of earning because there is no basis in Michigan law for a child to sue a third party for loss of future earnings of a living parent. The annuity is traceable only to Debtor's loss of consortium claim. To say that it is traceable to a claim by Debtor's father for the father's loss of future earning is, in the Court's view, sophistry. While the settlement amount the Debtor's father received may or may not have included, or contemplated, a release of a claim for loss of future earnings, is irrelevant. What is relevant, and clear, is that the Debtor's settlement was from a loss of consortium claim. The annuity is traceable to that claim and no other. Put simply, the exemption does not apply.

The Trustee also argues that the bankruptcy court erred because the Debtor will not be a dependent of the decedent at the time the annuity payment is due. In other words, the Trustee says the Debtor has not satisfied the second prong of the test. In light of the Court's determination that Debtor has not showed that the annuity is traceable to a payment in compensation for loss of future earnings, it is not necessary to

6

address this argument.

V. Conclusion

For the reasons stated above, the bankruptcy court erred in finding that the exemption under § 522(d)(11)(E) applies to the annuity payment.

SO ORDERED.

      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 12, 2010, by electronic and/or ordinary mail.

      S/Deborah R. Tofil
Relief Case Manager, (313) 234-5160